

# EEO COMPLAINANT QUESTIONNAIRE

Please complete and forward to OEEO.

Highly Satisfied——Highly Unsatis

1. Were you satisfied with the service your complaint received during:

   |  |  |  |  |  |
   |---|---|---|---|---|
   | Intake | 1 | (2) | 3 | 4 |
   | Investigation | (1) | 2 | 3 | 4 |
   | Outcome | (1) | 2 | 3 | 4 |

2. Were you satisfied with the level of attention your complaint received during:

   |  |  |  |  |  |
   |---|---|---|---|---|
   | Intake | 1 | (2) | 3 | 4 |
   | Investigation | 1 | 2 | (3) | 4 |
   | Outcome | (1) | 2 | 3 | 4 |

3. Were you satisfied with the investigator who handled your complaint?

   |  |  |  |  |  |
   |---|---|---|---|---|
   | Courtesy | 1 | 2 | 3 | (4) |
   | Sensitivity | 1 | (2) | 3 | 4 |
   | Cooperativeness | 1 | 2 | 3 | (4) |
   | Professionalism | 1 | 2 | 3 | (4) |
   | EEO Knowledge | 1 | (2) | 3 | 4 |

4. Were you satisfied with the way you were kept informed about the status of your case?     (1)   2   3   4

5. Are you satisfied that the Department has taken adequate measures to ensure a work environment free from employment discrimination?     (1)   2   3   4

Please make any further comments: _I feel this office investigated only parts of my complaint which would not in their opinion would not rise to the level of employment discrimination._

The following is *optional*:

Gender: ☑ Male  ☐ Female

Race/Ethnicity: ☐ White  ☑ Black  ☐ Hispanic  ☐ Asian  ☐ Other



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Phone: (212) 336-3620
General Fax: (212) 336-3625
TTY: (212) 336-3622

**Kevin Berry**
**District Director**

April 25, 2011

Via U.S. Mail

Carl Robinson
9274 Highland Avenue
MB #84
Rockaway Beach, NY 11693

RE:   *Carl Robinson v. New York City Police Department*
      *EEOC Charge No.: 520-2011-00734*

Dear Mr. Robinson:

The U. S. Equal Employment Opportunity Commission ("EEOC" or "Commission") is in receipt of your request for a *Notice of Right to Sue* regarding the above referenced Charge of Discrimination ("Charge"). Ordinarily a Charging Party is not entitled to receive a *Notice of Right to Sue* upon request until the Charge has been pending with the EEOC for at least 180 days. However, an early *Notice of Right to Sue* is authorized by 29 C.F.R. § 1601.28(a)(2) if the Director determines that it is probable that the Commission will be unable to complete its administrative process within 180 days of when the Charge was filed.

The Commission has reviewed the information/documents contained in the Charge and based upon our assessment and in accordance with the Commission's Priority Charge Processing Procedures, the EEOC has determined that it is appropriate to issue a *Notice of Right to Sue* at this time. Based on the Commission's current workload and the extent of investigation required to complete this investigation, we conclude that the Commission will be unable to complete this investigation within the next 180 days.

Therefore, your request has been forwarded to the U.S. Department of Justice ("DOJ") for action. The DOJ will act on your request as soon as possible and will issue the *Notice of Right to Sue* directly to you in approximately four to six weeks. If you have any questions regarding this matter, please contact the DOJ at *(202) 514-3831* or at the address listed below:

**U.S. Department of Justice**
**Civil Rights Division -- Employment Litigation Section, PHB**
**Attn: Karen Ferguson, Room 4239**
**950 Pennsylvania Avenue, N.W.**
**Washington, D.C. 20530**

On behalf of the Commission,

Kevin Berry
District Director



POLICE DEPARTMENT
Legal Bureau
One Police Plaza, Room 1406
New York, NY 10038
(646)-610-8387

March 21, 2011

Louise L. Newsome, Secretary
U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

      Re: <u>Carl M. Robinson v. New York City Police Department</u>
          EEOC Charge No. 520-2011-00734

Dear Ms. Newsome:

    This position statement is submitted on behalf of the New York City Police Department ("NYPD" or the "Department") in response to the above-captioned complaint of discrimination filed by Detective Carl M. Robinson ("Complainant"), which is dated January 21, 2011. The Complainant alleges that the Department unlawfully discriminated against him based on his race.

    As a preliminary matter, portions of the complaint of discrimination are barred by the applicable statute of limitations and should be dismissed outright, as they may not be considered in the EEOC's evaluation of this complaint. For example, Complainant's statement that he had previously filed a complaint with the NYPD after he was allegedly passed over for promotion to Detective Investigator and a white police officer was promoted instead, occurred well beyond the 300-day statute of limitations, as complainant has held the rank of Detective Investigator since July 15, 2003. Accordingly, the Department will not address the portion of the instant complaint which pertains to his alleged filing of a previous complaint of discrimination. It must be noted however, that although Complainant states that he withdrew this complaint after it was mediated on a precinct level, the Department's Office of Equal Employment Opportunity investigated this case and eventually closed the case a year after the complaint had been made, eventually exonerating the Commanding Officer whom the Complainant had accused of race discrimination.

    The Department denies each and every allegation of discriminatory employment practices contained in the complaint. Upon review, Complainant fails to make out a prima facie case of employment discrimination, and any actions taken were based on legitimate, non-discriminatory purposes and in accordance with Department policy and

procedure. Therefore, the Department respectfully requests that the complaint be dismissed, and that a determination of "No Probable Cause" be issued in this matter.

## RESPONDENT'S ANTI-DISCRIMINATION POLICY

The New York City Police Department is an equal opportunity employer and has a strong commitment to maintaining fair employment practices for all members. Respondent's Office of Equal Employment Opportunity ("OEEO") works aggressively to educate all NYPD employees about their rights and responsibilities in regard to the laws prohibiting workplace discrimination. OEEO provides information and coordinates employment discrimination training for civilian and uniform members of the Department and conducts investigations into alleged acts of discrimination.

Respondent's Anti-Discrimination Policy urges any employee who has a complaint regarding discrimination to contact their EEO officer, a supervisor, or an OEEO liaison. Patrol Guide Procedure No. 205-36 provides guidelines and requirements regarding all employee complaints of discrimination, including retaliation, race, color, national origin and age discrimination.[1] Supervisory members of the Department **must** report any conduct or allegations of discrimination to OEEO, and submit a typed report within five business days.[2]

Members of the NYPD are also advised that they may telephone OEEO anonymously to file a complaint or discuss matters regarding discrimination. All complaints are handled in confidence, and members are offered the options of counseling and conciliation. Finally, all newly appointed employees to the Department, uniform and civilian, are provided a copy of the Department's Equal Employment Opportunity Policy, a 47-page handbook outlining the Department's anti-discrimination policies, complaint reporting procedures, and relevant forms and contact information.

## STATEMENT OF FACTS

Complainant was appointed to the position of Probationary Police Officer in the New York City Police Department on January 13, 1992. At all times relevant to his complaint, Complainant was permanently assigned to the 101 Precinct Detective Squad, located at 16-12 Mott Avenue, Far Rockaway, NY, and was alternatively temporarily assigned to Patrol Borough Queens South, located at 71-01 Parsons Boulevard, Flushing, NY. Complainant also retained the designation of Detective Third Grade, with no reduction in pay.

Throughout his career with the NYPD, Complainant has been part of several negative incidents. On October 3, 1993, while still a Probationary Police Officer, Complainant was involved in a domestic incident with his wife. Although no injuries

---

[1] See, Patrol Guide Procedure No. 205-36, entitled "Employment Discrimination," a copy of which is annexed hereto as Exhibit "A."
[2] Id.

were reported following this dispute, this incident was the first in what was to become a recurring theme.

In early November, 1994, Complainant received a Chronic Absent Notification, informing him that he was being designated Chronic "A".[3] A uniformed member of the service is designated Chronic "A" when he or she reports sick for any reason, EXCEPT an initial line of duty absence or for hospitalization at any time, four (4) or more times within a twelve month period. This notification signifies that the member's sick record is deemed excessive compared to the majority of the force, and Complainant was interviewed by his Commanding Officer in connection with this notification.

On October 2, 1997, Complainant was placed on Restricted Duty by the Patrol Borough Queens South Duty Captain as a result of another verbal dispute with his wife. Although there was no indication of misconduct on the part of Complainant, the responding officers were informed by Complainant's wife that she felt the tense situation may escalate if Complainant did not get assistance. In accordance with Department procedure, Complainant's firearms were removed along with his shield and identification card. Following a review by the Commanding Officer of the Medical Division of the incident surrounding the removal of Complainant's firearms, his shield, identification card, and firearms were returned. On November 7, 1997, only a month later, Complainant was involved in another domestic incident with his wife.

On March 31, 1999, Complainant was placed on Modified Assignment by the authority of the Commanding Officer of Patrol Borough Queens South. This occurred as a result of another domestic dispute with his wife. While he was supposed to be at a court appearance in Criminal Court, Complainant returned home and engaged in both a verbal and physical dispute with his wife. Complainant's wife appeared at the 103 Police Precinct to make a report that although she and Complainant had been experiencing difficulties in their marriage for five (5) years, Complainant had recently become physically abusive as well. Complainant's wife told the officers at the precinct that on March 29, 1999 she had confronted Complainant about an affair that he was having. She stated that Complainant became enraged and pushed her down a flight of stairs, causing pain in her neck. She also reported that on March 30, 1999, after another argument, Complainant slapped her in the mouth resulting in a bloody lip. After she started breaking items in the house and threatened to cut the TV cable with a pair of scissors, the Complainant grabbed the scissors from her hand and menaced her with them. He then prevented her from calling the police. Later on in the day, another verbal argument ensued. When Complainant's wife appeared at the precinct, she informed the officers that she did not want the matter pursued criminally, but that she only wanted to document the incident and for Complainant to receive counseling. As a result of being placed on Modified Assignment, Complainant's firearms, shield, and identification card were once again removed, as per Department procedure.[4] Complainant remained on Modified

---

[3] See, Chronic Absence Notification, dated November 7, 1994, a copy of which is annexed hereto as Exhibit "B."

[4] See, Removal/Restoration of Firearms Report, a copy of which is annexed hereto as Exhibit "C."