Assignment until March 2, 2000, at which time he was restored to Full Duty with the approval of Psychological Services Section.[5]

On June 19, 2003, Complainant received an overall score of 3.5 out of 5.0 on his performance evaluation. This evaluation covered the time period of April 13, 2002 to June 19, 2003. On this evaluation, Complainant's supervisor stated, "I see no problem with promoting him to Detective Investigator." Unlike promotions to other civil service titles which are obtained after the successful completion of a civil service examination, the rank of Detective Investigator, also known as Detective Third Grade, is not actually a promotion but a designation. Complainant was designated Detective Investigator on July 15, 2003, less than a month after he was recommended for the designation.

Despite his recent designation to Detective Investigator, Complainant continued to engage in his previous behavior, as is evidenced by a November 5, 2003 domestic incident regarding another verbal argument with his wife.

On October 15, 2008, the Commanding Officer of Patrol Borough Queens South Juvenile Robbery Intervention Program (J-RIP) drafted a memorandum recommending Complainant to Detective Second Grade.[6] It should be noted that Patrol Borough Queens South was simply a temporary assignment for Complainant, and that he remained permanently assigned to the 101 Precinct Detective Squad at this time.

On October 2, 2009, and continued on October 30, 2009, Complainant received another Chronic Absent Notification, indicating that he had compiled an excessive sick record during the preceding twelve (12) months.[7] Again, Complainant was interviewed by his Commanding Officer and informed that his sick record was excessive in comparison with the majority of the Department.

On June 9, 2010, Complainant received a overall score of 4.5 out of 5.0 on his performance evaluation covering the period of May 16, 2009 to May 15, 2010. On that evaluation, his supervisor from Patrol Borough Queens South recommended Complainant for promotion to Detective Second Grade.[8] Although at this time he was presently temporarily assigned to Patrol Borough Queens South, Complainant still remained permanently assigned to the 101 Precinct Detective Squad.

---

[5] See, Restoration of Firearms from Restricted Duty, dated February 8, 2000, a copy of which is annexed hereto as Exhibit "D."

[6] See, Memorandum from Commanding Officer, Patrol Borough Queens South JRIP to Commanding Officer, Patrol Borough Queens South, dated October 15, 2008, a copy of which is annexed hereto as Exhibit "E."

[7] See, Chronic Absence Notification, dated October 2, 2009, a copy of which is annexed hereto as Exhibit "F."

[8] See, Performance Evaluation, dated June 9, 2010, a copy of which is annexed hereto as Exhibit "G."

On July 29, 2010, Complainant filed a complaint with the NYPD's OEEO alleging disparate treatment based on his race.[9] Complainant alleged that he had been denied an opportunity to be promoted to Detective Second Grade "…[b]ased on the fact that [he was] in [temporary assignment] status from the Detective Bureau." He further stated that it seemed "…Patrol Borough Queens South will not put [him] on the grid for consideration for promotion to second grade Detective Investigator [d]ue to the fact that [he was] only a temp[orary] assignment." Complainant continued, "It appear[s] that any promotion would have to come from Detective Borough Queens [w]hich seems highly unlikely due to my temp[orary] assignment status." At the end of his written statement to OEEO, Complainant alleged that there has not been a Detective Investigator of color promoted to the rank of Detective Second Grade or Detective First Grade from either the 100 Precinct Detective Squad or the 101 Precinct Detective Squad in "recent years, without filing a lawsuit."

By statute, promotions to Detective Second Grade and Detective First Grade are discretionary, and the ultimate determination rests with the Police Commissioner. There is no civil service promotional exam or list from which candidates advance, nor is it a topic of the Collective Bargaining Agreement between the Detectives Endowment Association and the City.

The Department maintains a formal promotion procedure for advancement to Detective Second Grade and Detective First Grade positions.[10] The process is initiated by written formal recommendation of the candidate's Commanding Officer. Candidates are evaluated based upon the following criteria: nature of assignment, types of cases investigated, arrest activity, clearance rate, past performance evaluations, disciplinary record, professional appearance, sick record, overall experience, educational achievement, supervisory ability, etc.

Subsequent to the formal recommendation by the candidate's Commanding Officer, the list of candidates from each subordinate command are evaluated and prioritized by the Borough Commander and eventually forwarded to the Chief of Detectives for further consideration. Ultimately, a consolidated list containing recommendations from all Bureaus and Departments is forwarded to the Police Commissioner, with whom the final authority to promote rests.

Complainant's allegations that he was not promoted because of his race were investigated by OEEO, which completed its investigation on November 10, 2010. At that time, Complainant was informed that his complaint did not rise to the level of employment discrimination.[11] It was noted that Complainant had been informed by his Commanding Officer at Patrol Borough Queens South that as he was only temporarily

---

[9] See, letter from Detective Carl M. Robinson to OEEO, dated July 29, 2010, a copy of which is annexed hereto as Exhibit "H."
[10] See, Administrative Guide Procedures No. 320-32, entitled "Discretionary Promotion Process for Designated Investigative Personnel," a copy of which is annexed hereto as Exhibit "I."
[11] See, letter from Deputy Commissioner Neldra M. Ziegler to Complainant, dated November 10, 2010, a copy of which is annexed hereto as Exhibit "J."

5

assigned there, his recommendation for discretionary promotion to Detective Second Grade would have to come from the Detective Bureau. In fact, Complainant himself stated during this investigation that he was "in limbo" because of his temporary assignment, and he did not offer any facts to support the assertion that he was not being promoted because of his race. OEEO found that the matter appeared to be more of a labor issue or a union issue, and that it was not discriminatory.

On or about January 21, 2011, Complainant filed the present charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC Charge No. 520-2011-00734). In this complaint, he alleges that he has been the subject of discrimination based on his race. Noting that he had been recommended for promotion to Detective Second Grade on his performance evaluations and in a written request by his Commanding Officer, Complainant alleges that he has been denied the opportunity for promotion and these recommendations have received little to no consideration by the Department.

Complainant alleges that it appears "that the qualification[s for promotion] are different for Detective Investigators of color than for other Investigators," stating that although it appears to be a Department-wide issue, it is particularly true for the Rockaway commands.[12] Complainant alleges that Detectives of color cannot get promoted to Detective Second Grade or Detective First Grade unless they file a lawsuit, transfer to another command, or know a higher ranking executive in the Department who can help them.

## DISCUSSION

## EMPLOYMENT DISCRIMINATION

In order to establish and maintain an employment discrimination cause of action, the complainant must apply the three-step burden-shifting framework developed in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). First, "the plaintiff has the burden of proving by a preponderance of evidence a prima facie case of discrimination." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252 (1981). Second, "if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the decision." *Id at 253*. Third, "should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id*. Here, Complainant's charge of discrimination cannot be substantiated by the evidence and should be dismissed for the following reasons:

---

[12]   The Rockaway commands include the 100 Precinct Detective Squad and the 101 Precinct Detective Squad.

6

## Complainant Fails to Set Forth a Prima Facie Case

The complainant must first establish a prima facie case of employment discrimination with respect to his failure to promote claim by showing that: (1) he is a member of a protected class; (2) he sought or was eligible for promotion to a position to which the employer was seeking to promote people; (3) he was not promoted; and (4) the employer promoted others who were less qualified for the position. Gonzalez et al. v. City of New York et al., 354 F.Supp. 2d 327 (S.D.N.Y. 2005). Although it is not disputed that Complainant is a member of a protected class and that he was not promoted, Complainant cannot satisfy the remaining elements. Therefore, Complainant's cause of action must fail.

> *Complainant fails to demonstrate that he was eligible for promotion*

Complainant has failed to prove that he performed his job satisfactorily to the Department and that he was therefore eligible for promotion, the second prong required to prove a prima facie case of discrimination. As illustrated above, it has been shown that Complainant has been unable to conform to the requirements and regulations expected of an NYPD police officer.

Complainant has been involved in several domestic incidents, occurring while Complainant has been both off-duty as well as on-duty. Throughout his career, Complainant has been placed on Restricted Duty and Modified Duty as a result of these domestic incidents, with his firearms, shield, and identification card being removed. On the occasion that he was placed on Modified Duty, Complainant remained in this status for almost a year, meaning that he was limited in what assignments he could perform, as he was prohibited from taking enforcement action.

Complainant has also been designated "Chronic Sick-Category A" on two separate occasions, as a result of the excessive amount of days that he has reported sick in comparison with the majority of the Department.

As Complainant cannot demonstrate that he was eligible for promotion, he cannot establish a prima facie case of discrimination.

> *Complainant fails to demonstrate that the NYPD promoted others who were less qualified for the position*

Complainant also fails to provide any evidence that less-qualified white detectives were promoted instead of him. Although Complainant lists several individuals who he alleges were promoted, he offers no proof as to how or why they were less qualified than those individuals who he claims were not promoted. As indicated above, there is a formal system in place for reviewing qualifications and recommending discretionary promotions, which evaluates candidates based on several criteria. All decisions regarding these discretionary promotions are made in accordance with this system, with the ultimate decision resting with the Police Commissioner.

Complainant does not allege that any of the named individuals were not qualified for promotion. Because of the foregoing, Complainant's cause of action must fail, as he is unable to satisfy the final prong required to prove a prima facie case of discrimination.

### Legitimate, Non-Retaliatory Reason for Action in Question

Assuming that Complainant were to establish a prima facie case of employment discrimination, the burden would then shift to the employer to rebut this presumption by articulating "some legitimate, non-discriminatory reason for the adverse action." Burdine at 253. Here, all actions taken during this period were in accordance with Department procedures and regulations.

As stated above, the promotion from Detective Investigator to Detective Second Grade is discretionary, as it is a designation and not a civil service title. However, while it is a discretionary promotion, there is a formal system in place for reviewing qualifications and recommending discretionary promotions, which evaluates candidates based on several criteria. Among those criteria is sick record, and Complainant had been designated Chronic "A" in October, 2009, for the second time in his career.

In addition, prior to filing this complaint with EEOC, Complainant had made a similar complaint to the Department's OEEO. This complaint was thoroughly investigated, ultimately resulting in Complainant being informed that his "complaint did not rise to the level of employment discrimination under Title VII of the Civil Rights Act of 1964, or applicable state or local laws."[13]

Complainant had faxed this complaint to OEEO, as well as telephoned the office, on July 29, 2010, alleging that the recommendations to promote him to Detective Second Grade were being ignored for discriminatory reasons. During this phone call, Complainant stated that he had been temporarily assigned to Patrol Borough Queens South since November, 2007, and that his permanent command was the Detective Bureau. Complainant stated that his temporary assignment was advising him that since he was permanently assigned to the Detective Bureau, it was that command that would have to recommend him for discretionary promotion. He also noted in his written complaint to OEEO that he had been denied an opportunity to be promoted to Detective Second Grade "...[b]ased on the fact that [he was] in [temporary assignment] status from the Detective Bureau," and that it seemed "...Patrol Borough Queens South will not put [him] on the grid for consideration for promotion to second grade Detective Investigator [d]ue to the fact that [he was] only a temp[orary] assignment." Complainant continued, "It appear[s] that any promotion would have to come from Detective Borough Queens [w]hich seems highly unlikely due to my temp[orary] assignment status." At the end of his written statement to OEEO, Complainant alleged that there has not been a Detective Investigator of color promoted to the rank of Detective Second Grade or Detective First Grade from either the 100 Precinct Detective Squad or the 101 Precinct Detective Squad in "recent years, without filing a lawsuit."

---

[13]   See, Exhibit "J."

8